CT Corporation

# Service of Process Transmittal
11/15/2017
CT Log Number 532302844

| | |
|---|---|
| **TO:** | Jill M Calafiore, Rm 3A119A<br>AT&T Corp.<br>One AT&T Way-<br>Bedminster, NJ 07921- |
| **RE:** | Process Served in Kentucky |
| **FOR:** | AT&T  (Cross Ref Name)  (Domestic State: NY)<br>AT&T Corp. (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TERRY L. MARSTELLA, Pltf. vs. AT&T UMBRELLA BENEFIT PLAN NO. 1, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Cover Sheet, Summons, Complaint |
| **COURT/AGENCY:** | Clark County Circuit Court, KY<br>Case # 17CI00522 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/15/2017 postmarked on 11/13/2017 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day paper is delivered |
| **ATTORNEY(S) / SENDER(S):** | L. Dustin Riddle<br>FLYNT LAW OFFICES<br>P.O.Box 760<br>Salyersville, KY 41465<br>606-349-6210 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/15/2017, Expected Purge Date: 11/25/2017<br><br>Image SOP<br><br>Email Notification,  Jill M Calafiore  jcalafiore@att.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>609-538-1818 |

Page 1 of  1 / JP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7017 1070 0000 6371 7117



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 40391 $ 007.50⁰
02 4W
0000340205 NOV. 13. 2017.



PAULA S. JOSLIN
CIRCUIT COURT CLERK
CLARK CIRCUIT & DISTRICT COURTS
GOVERNOR JAMES CLARK JUDICIAL CENTER
17 CLEVELAND AVENUE, P.O. BOX 687
WINCHESTER, KENTUCKY 40392-0687

CI 17-CI-00522
625304

CT CORPORATION SYSTEM
306 W. MAIN STREET
SUITE 512
FRANKFORT KY 40601

Paula Joslin, Clark Circuit Clerk
P.O. Box 687
Winchester, KY 40392-0687

CT CORPORATION SYSTEM
306 W. MAIN STREET
SUITE 512
FRANKFORT, KY 40601



# KCOJ eFiling Cover Sheet

Case Number: 17-CI-00522

Envelope Number: 752819

Package Retrieval Number: 7528195524555@000000110773

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 11.93

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package: 000001 of 000013
Presiding Judge: HON. JEAN C. LOGUE (625304)

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **17-CI-00522**<br>Court: **CIRCUIT**<br>County: **CLARK** |

*Plantiff,* **MARSTELLA, TERRY L VS. AT&T UMBRELLA BENEFIT PLAN NO. 1, ET,** *Defendant*

TO:   **CT CORPORATION SYSTEM**
   **306 W. MAIN STREET**
   **SUITE 512**
   **FRANKFORT, KY 40601**

Memo: Related party is AT&T UMBRELLA BENEFIT PLAN NO. 1

The Commonwealth of Kentucky to Defendant:
**AT&T UMBRELLA BENEFIT PLAN NO. 1**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Paula Joslin, Clark Circuit Clerk
Date: **11/10/2017**

Presiding Judge: HON. JEAN C. LOGUE (625304)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

Summons ID: 7528195524555@00000110773
CIRCUIT: 17-CI-00522 Certified Mail
MARSTELLA, TERRY L VS. AT&T UMBRELLA BENEFIT PLAN NO. 1, ET



Page 1 of 1

eFiled

COMMONWEALTH OF KENTUCKY
CLARK CIRCUIT COURT
C.A. NO.: _____

*Electronically Filed*

TERRY L. MARSTELLA                                                       PLAINTIFF

v.

AT&T UMBRELLA BENEFIT PLAN NO.
1, an ERISA plan under which AT&T
Southeast Disability Benefits Program is a
program, provided by Bellsouth
Telecommunications operating under the
assumed name of AT&T Southeast, and
administered by Sedgwick Claims
Management Services, Inc.

SERVE: CT CORPORATION SYSTEM
       306 W. Main Street,
       Suite 512
       Frankfort, Kentucky 40601

and

SERVE: AT&T Risk Management
       175 E. Houston Street,
       Room 7R05
       San Antonio, Texas 78205

AND

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.

SERVE: CT CORPORATION SYSTEM
       306 W. Main Street,
       Suite 512
       Frankfort, Kentucky 40601                                          DEFENDANTS

## COMPLAINT

Comes the Plaintiff, by and through counsel, and for his cause of action herein states as follows:

## I. PARTIES AND JURISDICTION

1. That at all relevant times Bellsouth Telecommunications, LLC ("Bellsouth"), operating under the assumed name of AT&T Southeast ("AT&T"), was a foreign limited liability company registered to do business in the Commonwealth of Kentucky with a principal place of business located at 675 W. Peachtree Street, NW, Suite 4500, Atlanta, Georgia 30308. Bellsouth's registered agent for service of process in the Commonwealth of Kentucky is CT Corporation System, 306 W. Main St., Suite 512, Frankfort, KY 40601.

2. Bellsouth, operating under the assumed name of AT&T, provides both short-term and long-term disability benefits to its employees under an Employee Retirement Income Security Act of 1974 ("ERISA") plan known as the Defendant, AT&T Umbrella Benefit Plan No. 1 ("the Plan").

3. AT&T Risk Management is listed on the Kentucky Insurance Departments website as the address for Bellsouth Telecommunications, Inc., with a mailing address of 175 E. Houston Street, Room 7R05, San Antonio, Texas 78205.

4. Defendant, Sedgwick Claims Management Services, Inc. ("Sedgwick"), is a foreign corporation registered to do business in the Commonwealth of Kentucky with a principle place of business located at 1100 Ridgeway Loop Road, Memphis, Tennessee 38120. Sedgwick's registered agent for service of process in the Commonwealth of Kentucky is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

5. Sedgwick was at all relevant times the third-party claims administrator for Bellsouth's ERISA plan and makes disability determinations for Bellsouth under the plan determining whether employees who file benefits claims are eligible for benefits.

6. Bellsouth delegated its fiduciary responsibility of making benefit determinations under AT&T Umbrella Benefit Plan No. 1 to Sedgwick.

7. Pursuant to 29 CFR §1132(d)(1), AT&T Employee Benefit Plan No. 1 may be sued as an entity and service of the summons upon Bellsouth as the plan administrator and/or Sedgwick as the claims administrator of the plan shall constitute service on the employee benefit plan.

8. Plaintiff, Terry Marstella, was at all times relevant domiciled in Clark County, Kentucky, and was employed by Bellsouth, operating under the assumed name AT&T Southeast, and was a participant or beneficiary of Bellsouth's ERISA plan.

9. Under 29 CFR §1132(a)(1)(B), Plaintiff, as a participant or beneficiary to the ERISA plan, is empowered to bring this civil action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

10. Under 29 CFR §1132(e)(1), state courts of competent jurisdiction have concurrent jurisdiction of actions under paragraphs (a)(1)(B) giving the Commonwealth of Kentucky jurisdiction over this action.

11. Under KRS 454.210(2)(a)(1), the Commonwealth of Kentucky has jurisdiction over any nonresident corporation who transacts business in this Commonwealth, giving Kentucky jurisdiction over Defendants in this action.

12. Under KRS 454.210(4), this action may be brought in the county wherein the plaintiff resides or where the cause of action arose, making Clark Circuit Court the proper venue for this action.

## II. FACTS

13. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Under Bellsouth's ERISA plan, Short-Term Disability ("STD") is defined as follows: "You are considered Totally Disabled when, because of illness or injury, you are unable to perform all the essential functions of your job or another available job assigned by your Participating Company with the same full-time or part-time classification for which you are qualified."

15. Bellsouth's ERISA plan states further that "You are considered Partially Disabled when, because of illness or injury, you are unable to perform all of the essential functions of your job or another available job assigned by your Participating Company within the same full-time or part-time classification for which you are qualified, for the same number of hours that you were regularly scheduled to work before your Partial Disability."

16. Plaintiff was employed by AT&T as a facility technician and his job duties included pushing, pulling, climbing, lifting up to 75 pounds, carrying, bending, kneeling, and driving.

17. On or about February 22, 2016, Plaintiff's medical condition prevented him from returning to work and he filed a claim under the AT&T Umbrella Benefit Plan No. 1, Claim Number: B625007040.

18. On or about March 2, 2016, Plaintiff presented to Dr. Phillips for a consult at the request of Dr. Robert Davenport, claimant's treating physician. Dr. Phillips noted that Plaintiff had

been having complaints of low back pain for three weeks that was radiating into his hips and thighs. It was further noted that Plaintiff's pain was worsened by standing, walking and laying down, but was relieved with sitting.

19. An MRI performed on February 19, 2016, at Lexington Clinic revealed moderate degenerative changes that were worse at L3-4 and L4-5 with moderate recess stenosis and mild central stenosis, neural foraminal stenosis and mild facet arthropathy at L3-4, and moderate bilateral neural foraminal stenosis at L2-3 and L4-5 as well as an annular tear at L2-3. As a result, Dr. Phillips initially restricted Plaintiff from bending, stooping, pushing and pulling and working for six weeks. Dr. Phillips also recommended pain injections and physical therapy.

20. On April 8, 2016, Dr. Bailey and Dr. Phillips restricted Plaintiff from working until May 5, 2016, noting that in addition to Plaintiff's physical limitations, the medications Plaintiff was taking would make it difficult to perform his job.

21. Dr. Phillips stated in a letter dated May 2, 2016, that Plaintiff was unable to return to work due to increased low back pain and leg pain.

22. AT&T noted that Plaintiff would be incapable of performing his heavy occupational duties as a result of not being able to bend, push, pull, climb, etc. and Plaintiff would not be able to drive while taking Percocet, muscle relaxers, and Neurontin.

23. On May 3, 2016, AT&T referenced a medical record dated May 2, 2016, in which Plaintiff was diagnosed with lumbar spondylosis, facet arthropathy, moderate NES Right L3-4, bilateral U-S at L4-5, and mechanical low back pain.

24. Medical records from KORT Physical Therapy dated May 12, 2016, noted that Plaintiff was unable to tolerate his duties as a facility technician at AT&T and was unable to climb ladders, lift, twist, bend, and stoop. Plaintiff's pain was noted as being aggravated by bending

forward, getting up and down, and raising his legs up. Further, Plaintiff was listed as having pain and limited range of motion when bending forward and was incapable of bending forward and returning to standing position without the use of an upper extremity support for assistance. Plaintiff was also listed as not being able to lift anything.

25. On June 3, 2016, Dr. Phillips noted that Plaintiff's ability to raise from sitting to standing position and walk had improved, but Plaintiff remained limited in bending forward and having weakness in his lower back. Dr. Phillips noted that Plaintiff received a total of 6 injections and that Plaintiff would likely continue to have some limitations with bending even at full recovery.

26. On June 6, 2016, physical therapist Lauren Stubbs noted that Plaintiff was unable to climb ladders, lift, twist, bend, and stoop. Plaintiff was reported as only being able to lift less than five pounds from a mid-thigh height to the waist and ten pounds from the waist to the shoulder without pain. However, Plaintiff was unable to lift heavier items in small range or lift any weight from the floor without pain.

27. Based upon these findings and limitations, Plaintiff received STD benefits under the Plan for approximately 26 weeks, but his continued claim was denied from on or about August 8, 2016 to the presnt, based upon a review of Plaintiff's disability claim by Dr. Katherine Duvall, performed at the request and expense of the Plan, that opined that Plaintiff could return to work to his usual heavy job without restrictions and limitations.

28. In rendering her opinion, Dr. Duvall failed to review and/or consider relevant medical records, including the lumbar MRI results and limitations noted throughout the records by Plaintiff's treating physicians, or his job duties as a Facility Technician; therefore, the Plan's denial of Plaintiff's claim for benefits was not supported by substantial evidence.

29. Plaintiff timely filed a first-level appeal on or about August 19, 2016 and his claim was submitted to Dr. Howard Gratton for a medical review on October 26, 2016, at the request and expense of the Plan.

30. In his medical review, Dr. Gratton noted the severe findings on the lumbar MRI, but failed to consider any limitations found in the medical records, such as the claimant's inability to lift more than 5-10 lbs. in a limited range, inability to lift any weight from the floor, and limitations in bending.

31. The Plan denied Plaintiff's first-level appeal based upon Dr. Gratton's opinion that the Plaintiff retained the ability to perform his heavy job duties without difficulty, denying him benefits from August 8, 2016 through September 13, 2016 and from September 17, 2016 to the present.

32. On or about December 6, 2016, Plaintiff, through counsel, filed a timely second-level appeal and requested an extension of time to review the claim file and plan documents and to supplement the appeal with additional records before a decision is made.

33. Despite acknowledging receipt of this request for an extension, the Plan immediately sent the claim file to Dr. Germaine N. Rowe for medical records review on December 14, 2016.

34. Dr. Germaine N. Rowe essentially recited verbatim the opinions of Dr. Grattan, with the addition of reviewing x-rays from November 8, 2016, and again failed to consider any limitations found in the Plaintiff's treating physician's medical records, such as the Plaintiff's inability to lift more than 5-10 lbs., inability to lift any weight from the floor, and limitations in bending.

35. Dr. Rowe was of the opinion that there were no positive objective examination findings that would impact the employee's ability to function at his own job, seemingly ignoring the lumbar MRI and limitations set forth in the record.

36. On or about December 22, 2016, the Plan again upheld its denial of the Plaintiff's STD claim for the periods from August 8, 2016 through September 13, 2016 and from September 17, 2016 to the present based upon Dr. Rowe's review that was again not supported by substantial evidence.

37. After the Plan's premature denial without giving Plaintiff the opportunity to supplement additional medical records, the Plaintiff underwent a Functional Capacity Evaluation at KORT physical therapy that found that the claimant has the ability to function in the Light Physical Demand Level according to the U.S. Department of Labor for an 8 hour workday, to occasionally lift up to 10 lbs. floor to waist, 15 lbs. waist to shoulder, carry up to 20 lbs., push 58 lbs. of force, and pull 54 lbs. of force, sit for 30 minutes, stand for 30 minutes, walk for 60 minutes, drive for 30 minutes and lift up to 15 lbs., inability to perform crawling and sustained crouching, testing revealed deficits that included decreased lumbar, thoracic and hip range of motion, decreased hip strength, and tenderness to palpation at L4-5 and L5-S1 lumbar paraspinals, it was noted that bending, stooping, lifting, squatting, and prolonged sitting aggravates his symptoms.

38. On or about March 6, 2017, based upon this Functional Capacity Evaluation and Dr. Robert Davenport's restrictions, AT&T placed permanent medical restrictions on the Plaintiff that restricted him from bending, lifting over 10 lbs., no lifting ladders, no work on knees, no standing over 30 minutes, and no climbing ladders or poles.

39. On or about March 6, 2017, based upon these permanent medical restrictions, AT&T acknowledged that these restrictions prevented the Plaintiff from returning to his

employment as a Facility Technician and they were unable to accommodate him with any other position.

40. Plaintiff's counsel provided the Plan with the Functional Capacity Evaluation, the permanent medical restrictions, as well as additional medical records from KORT physical therapy and Dr. Robert Davenport that supported the continued limitations that Plaintiff had suffered from February of 2016 to the present day and requested an additional administrative review based upon these records.

41. Based upon Plaintiff's request, AT&T had Dr. Germaine N. Rowe review this additional medical evidence; however, despite the evidence that AT&T used to place Plaintiff on permanent medical restrictions, Dr. Rowe found that this evidence did not support that Plaintiff was unable to perform his regular job duties from August 8, 2016 through September 13, 2016 and September 17, 2016 to the present.

42. On June 20, 2017, after a Second-Level Appeal Review, the Plan denied Plaintiff's second-level appeal based upon the opinion of Dr. Rowe, that was not supported by substantial evidence.

43. Plaintiff has exhausted his administrative appeals of the denial of his STD claim and is now entitled to civil relief.

44. The Plan did not have a physician perform an in-person medical examination nor did they request that Plaintiff submit to such an examination.

45. Essentially, the Plan's denial of Plaintiff's claim was based on a physician's review of the "paper file" that ignored findings and limitations in the "paper file" and was not based upon any objective medical evidence or supported by substantial evidence.

### III. CLAIMS FOR RELIEF

46. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Plaintiff was entitled to benefits under the ERISA plan that was denied by Defendants from August 8, 2016, through September 13, 2016, and from September 17, 2016, through the present.

48. AT&T wrongfully denied Plaintiff's claim for STD benefits and breached its contract with Plaintiff to provide him with the STD benefits he was entitled to based upon the objective medical evidence, limitations and findings of Plaintiff's treating medical providers.

49. The decision to deny Plaintiff benefits was incorrect, arbitrary and capricious, and not supported by substantial evidence.

50. Plaintiff prays for a judicial determination to recover benefits under the AT&T Umbrella Benefits Plan No. 1, enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the plan, including, but not limited to his entitlement to long-term disability benefits.

51. Plaintiff seeks attorney fees, costs of litigation, and pre-judgment and post-judgment interest as permitted by 29 C.F.R. §1132(g).

52. Pursuant to 29 C.F.R. 2560.503-1(h), Plaintiff was entitled to a full and fair review of AT&T's denial of his claim for STD benefits; however, he was not given a full and fair review.

53. Pursuant to 29 C.F.R. 2560.503-1(l), Plaintiff is entitled to civil relief based upon the ERISA plan's failure to follow claims procedures consistent with the Act.

WHEREFORE, Plaintiff demands as follows:

1. Judgment against Defendants in an amount in excess of the minimum jurisdictional requirements of this Court for benefits under the plan;

2. Clarification of Plaintiff's right to future benefits under the Plan;

3. Attorney fees, costs, pre-judgment and post-judgment interests, civil penalties; and

4. Any and all relief which this Court may deem proper.

THIS **10TH** DAY OF **NOVEMBER, 2017.**

Respectfully submitted,

/s/ L. Dustin Riddle
L. Dustin Riddle
FLYNT LAW OFFICES
P.O. BOX 760
Salyersville, Kentucky 41465
(606) 349-6210 or 349-6211
Facsimile: (606) 349-6214
Email: lydia_themotivator@hotmail.com
Email: Ldridd3@yahoo.com